United States District Court
Southern District of Texas
**ENTERED**
August 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARTHA ARGENTINA REYES ESTRADA, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-06422 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| BRET BRADFORD, *et al*, Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Martha Argentina Reyes Estrada filed a petition for writ of *habeas corpus* under 28 USC §2241 on August 7, 2026. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention violates the Due Process Clause of the Fifth Amendment. See id at 14–16.

Petitioner specifically references that she has a derivative application pending under the Violence Against Women Act, while also citing an order out of the Central District of California certifying a nationwide class including all individuals with pending VAWA petitions and staying new policies by the Government as to enforcement of immigration laws against these petitioners and others. See id at 13–14, citing *Immigration Center for Women and Children v Noem*, 2026 WL 1455004 (CD Cal).

Pending is a motion by the Government to stay or, in the alternative, for summary judgment. Dkt 5. It requests a stay of this action pending *en banc* resolution of *Sosnava Rodriguez v Ortega* by the Fifth Circuit. Id at 3–6. And as to summary judgment, it argues that each of Petitioner's claims lack legal merit. Id at 6–18. Petitioner didn't reply despite opportunity to do so.

The Fifth Circuit has issued a controlling decision with respect to the lawfulness of mandatory detention in this context under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). On July 2, 2026, the Fifth Circuit then issued a decision with respect to the constitutionality of detention under 8 USC §1225(b)(2)(A). See *Sosnava Rodriguez*, 180 F4th 702 (5th Cir 2026). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at 728. On July 10, 2026, that decision was then vacated pending rehearing *en banc*. See *Sosnava Rodriguez v Ortega*, 181 F4th 608 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Resolving statutory question under §1225(b)(2)(A) consistent with interpretation later adopted in *Buenrostro-Mendez* and cited there with approval. See 166 F4th at 500 n 4.
- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A).
- *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even if it exceeds the six-month period as articulated

with respect to post-removal-order detention in *Zadvydas v Davis*, 533 US 678 (2001); see also *Ramirez Castellano v Strong*, 2026 WL 2225137 (ND Tex, Hendrix, J) (holding that Due Process Clause doesn't entitle aliens in ongoing removal proceedings to release into United States after detention has exceeded any particular period of time).

- *Yepez Valencia v Lyons*, 4:26-cv-5807 (SD Tex, Aug 19, 2026): Holding that the class-certification order entered in *Immigration Center for Women and Children v Noem*, 2026 WL 1455004 (CD Cal), is preliminary and not entitled to preclusive effect and, in any event, cannot be construed to extend nationwide relief on a *habeas* matter in another district, both as a matter of jurisdiction and on the merits.

The arguments in the petition raise only issues resolved to the contrary in the decisions cited above.

Petitioner thus hasn't established that her current detention violates either the Constitution or federal law.

* * *

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Martha Argentina Reyes Estrada is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. She may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

A final judgment will enter separately.

SO ORDERED.

Signed on August 27, 2026, at Houston, Texas.

CREskridge

Honorable Charles Eskridge
United States District Judge